UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARCUS JAMMAL GOSS,

     *Petitioner*,

v.

UNITED STATES OF AMERICA,

     *Respondent*.

_____/

CRIMINAL CASE NO. 12-CR-20457
CIVIL CASE NO. 16-CV-11006

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON RESPONDENT'S MOTION TO DISMISS PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, OR, IN THE
ALTERNATIVE, TO STAY LITIGATION PENDING THE U.S. SUPREME COURT'S
DECISION IN *BECKLES V. U.S.***
(Doc. 43 )

I. **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Respondent's Motion (Doc. 43) be **DENIED IN PART and GRANTED IN PART**, i.e., that the motion to dismiss Petitioner's motion to vacate be DENIED but that the motion for stay pending the Supreme Court's decision in *Beckles* be GRANTED. It is further recommended that Petitioner's previously filed motion to vacate and Respondent's previously filed motion to dismiss be **DENIED as MOOT**. (Docs. 27. 32.)

II. **REPORT**

    A.    **Introduction**

On October 25, 2012, Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). On February 12, 2013, judgment was entered and

Petitioner was sentenced to 84 months incarceration to be served consecutively to a sentence imposed in Saginaw County Circuit Court on dockets 08-030459-FC and 08-031208-FH. (Doc. 26 at ID 120.) Petitioner did not file any appeal.

On March 15, 2016, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, complaining of ineffective assistance of counsel as to the evaluation of his criminal history and resulting sentence. (Doc. 27.) On April 7, 2016, Respondent filed a motion to dismiss petitioner's motion to vacate based on the fact that he knowingly and voluntarily waived his right to collaterally attack his sentence in the Rule 11 plea agreement. (Doc. 32.)

On June 2, 2016, Petitioner, through counsel, filed a Motion to Vacate Sentence based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 35.) Respondent filed a motion to dismiss this motion to vacate based on Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence and also requests, in the alternative, that the case be stayed until the pending case, *Beckles v. United States*, is decided by the United States Supreme Court. (Doc. 43.)

Both motions to vacate and motions to dismiss have been referred to the undersigned Magistrate Judge by United States District Judge Thomas L. Ludington. (Docs. 33, 41.) These motions are ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

**B.     Analysis and Conclusion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255

petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Petitioner did not file a direct appeal, and judgment was entered on October 11, 2012. Therefore, Petitioner's judgment became final on October 25, 2012.

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although the timeliness of the original motion to vacate sentence was challenged (Doc. 32), the timeliness of the most recent motion (Doc. 35) has not been challenged, likely because it would appear to fall under the newly recognized right exception. Therefore, timeliness will be presumed and the court will focus on the salient issue presented: whether the collateral attack waiver contained in the Rule 11 agreement should be enforced.

Petitioner raises a challenge to the enhancement his sentence was given as a career offender under the sentencing guidelines §§ 2K2.1 (career offender enhancement) and 4B1.2(a)(definition of crime of violence) based on his past convictions for attempted armed robbery and conspiracy to commit home invasion second degree under Michigan law. (Doc.

3

35.) This case raises an issue that may be viable based on a recent case decided by the United States Supreme Court.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); accord, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). In the next logical step, the Sixth Circuit recently held that *Johnson* is equally applicable to the Immigration and Nationality Act's (INA's) residual definition of crime of violence. 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16(b); *Shuti v. Lynch*, No. 15-3835, ___ F.3d ___, 2016 WL 3632539, at *4 (July 7, 2016).

The United States Supreme Court has granted certiorari in *Beckles v. United States*, to decide whether the *Johnson* holding applies to the residual clause of the career offender sentencing guidelines, and if so, whether it should apply retroactively on collateral review. 136 S. Ct. 2510.

Respondent argues that Goss may not raise any issue made viable by *Johnson* and its progeny because he agreed to waive his right to collaterally attack his conviction and sentence in the relevant plea agreement. (Doc. 43.) This issue of waiver has not been addressed by the United States Supreme Court or the Sixth Circuit.

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Thus, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (noting that "plea-agreement waivers of § 2255 rights are generally enforceable"). However,

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1989), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Acosta*, 480 F.3d at 422. Nevertheless, "Enforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) (citations omitted). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate and collateral attack waiver will be enforced. *Id.*

Thus, under ordinary contract-type rules, collateral attack waivers that were entered into knowingly and voluntarily should be enforced, whether the law changes after the plea has been entered or not. Some courts have applied this rule with equal force when confronting a *Johnson* issue on direct appeal or on collateral review. *United States v. Blackwell*, ___ F. App'x ___, 2016 WL 3190569 (2nd Cir. June 1, 2016)(enforcing appellate waiver and declining to address *Johnson* issue); *Petrillo v. United States*, 147 F.Supp.3d 9, 21-22 (D. Conn. 2015)(enforcing collateral attack waiver as to *Johnson* issue raised in a second 2255 motion); *Scott v. United States*, No. 10-cr-954(KBF), 2016 WL 3906705, at *2 (S.D.N.Y. July 13, 2016)(challenge based on *Johnson* and its progeny does not overcome the presumption that the waiver provision in plea agreement was knowing and voluntary; thus, waiver should be enforced but also addressing merits and finding sentence legal); *Vasquez v. United States*, No. 13-cr-58(KBF), 2016 WL 3748504, at *4-5 (S.D. N.Y. July 11, 2016)(enforcing collateral attack waiver as to challenge based on a conviction under 18 U.S.C. §924(c) for use of a firearm in furtherance of a crime of violence); *Trice v. United States*, No. 3:13-CR-96-CRS, 2016 WL 867545 (W.D. Ky. Jan. 7, 2016)(collecting cases enforcing collateral attack waivers despite existence of *Johnson* issues and enforcing collateral attack waiver but reaching the merits and concluding that Trice's sentence enhancement was based on an enumerated offense rather than the residual clause of the ACCA).

Some courts have focused on the advisory nature of the guidelines as one reason to distinguish the career offender provision from the ACCA for purposes determining whether to enforce the waiver. *United States v. Garcia*, No. 3:13-CR-52JD, 2016 WL 3999997, at *5-6 (N.D. Ind. July 25, 2016)(declining to issue stay until *Beckles* is decided and enforcing

collateral attack waiver because the advisory nature of the guidelines is insufficient to excuse a defendant from a waiver, because even waivers of constitutional rights, including due process, may be enforced even where at the time of the waiver, such a "sea change" in the law could not have been anticipated); *accord, United States v. Navarro*, 3:02-CR-61JD, 2016 WL 3365042 (N.D. Ind. June 17, 2016); *Moore v. United States*, No. 4:12-CR-FL-1, 2016 WL 3647863 (E.D. N.C. July 1, 2016)(sentence was not illegal and incorrect application of the guidelines was not sufficient reason to set aside a collateral attack waiver). Even though they are advisory, I suggest that the guidelines are a super factor in determining an appropriate sentence and thus, should not be dismissed or distinguished simply because, since 2005, they are no longer binding. *United States v. Booker*, 543 U.S. 220 (2005).

      The Ninth Circuit has held that the "analogy between plea agreements and private contract is imperfect [] because the Constitution imposes a floor below which a defendant's plea, conviction, and sentencing may not fall." *United States v. Torres*, ___ F.3d ___, 2016 WL 3770517, at *8-9 (9th Cir. July 14, 2016). Therefore, the court refused to enforce the waiver provision of the plea agreement with respect to a defendant who challenged his enhanced sentence based on the residual clause of the career offender provisions of the sentencing guidelines. I find this logic persuasive and I note that even if contractual principles are followed, the same result should be reached. Contracts based on mutual mistakes are voidable. *Lenawee Cty. Bd. of Health v. Messerly*, 331 N.W.2d 203, 207 (Mich. 1982). A plea agreement whose terms are based on an unconstitutional reading of a statute or sentencing guideline provision is one based on a mutual mistake in existence at the time the agreement was entered into and thus renders the agreement voidable.

I therefore suggest that a sentence based on an unconstitutionally vague definitive premise, whether under a statute or the sentencing guidelines, should be subject to collateral attack despite the existence of a collateral attack waiver in the plea agreement. Many courts have reached the same conclusion and I find their rationales more persuasive than those reaching the opposite result. *United States v. Gentry*, ___ F.Supp.3d ___, 2016 WL 3647331, at *7 (D. Or. July 7, 2016)(determining collateral attack waiver was unenforceable against the petitioner's claim that he was sentenced under a guidelines provision that violated the law, i.e., the career offender enhancement based on the residual clause); *United States v. Hoopes*, ___F.Supp.3d ___, 2016 WL 3638114, at *7-8 (D. Ore. July 5, 2016)(finding collateral attack waiver not binding where challenge to sentence based on application of residual clause of the career offender provision of the sentencing guidelines);*United States v. Cloud*, ___ F.Supp.3d ___, 2016 WL 3647785, at *6 (E.D. Wash. June 24, 2016)(declining to enforce collateral review waiver in plea agreement as to collateral review challenge to the residual clause in the sentencing guidelines because the sentence was unconstitutional and thus, illegal); *Dietrick v. United States*, No. CR 11-253MJP, 2016 WL 4399589, at * (W.D. Wa. Aug. 18, 2016)(declining to enforce collateral attack waiver where petitioner challenged career offender status under the sentencing guidelines residual clause because a waiver should not apply if the sentence violates the law and the unconstitutionally vague definition in the residual clause has been held to deny due process of law); *Jennings v. United States*, No. C16-616-MJP, 2016 WL 43767778, at *2 (W.D. Wa. Aug. 17, 2016)(declining to enforce collateral attack waiver where petitioner challenged career offender status under the sentencing guidelines residual clause because a waiver should not apply if the sentence violates the law and the unconstitutionally

8

vague definition in the residual clause has been held to deny due process of law); *United States v. Jordan*, No. 2:11-CR-0195-EFS-1, 2016 WL 3965212, at *5-7 (E.D. Wa. July 22, 2016)(declining to enforce collateral waiver in plea agreement sentence under the residual clause of the career offender provisions of the sentencing guidelines violates the constitution).

Since the Supreme Court will be deciding the salient issues affecting this Petitioner's claims, I suggest that the case be stayed until *Beckles* is decided, as other courts in this district have done. *E.g., Fleming v. United States*, E.D. Mich. No. 08-cr-20275, Doc. 43 (Aug. 1, 2016)(Drain, J.); *United States v. Steele*, E.D. Mich. No. 12-cr-20666, Doc. 31 (July 29, 2016)(Hood, C.J.); *Wampler v. United States*, E.D. Mich. No. 09-cr-20190, Doc. 29 (July 14, 2016)(Rosen, J.).

Accordingly, I recommend that Respondent's motion to dismiss Goss's motion to vacate sentence be denied but that the motion to stay the case until *Beckles* is decided should be granted.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950

(6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 12, 2016          S/ PATRICIA T. MORRIS
                                   Patricia T. Morris
                                   United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Demarcus Jammal Goss #47493039 at McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

Date: September 12, 2016           By s/Kristen Castaneda
                                   Case Manager