UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARCUS JAMMAL GOSS,

        Petitioner,                          Case No. 12-cr-20457

v.                                                 Honorable Thomas L. Ludington
                                                     Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DISMISSING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO PETITIONER'S REQUEST, DENYING MOTION TO STAY, REJECTING REPORT AND RECOMMENDATION, AND CLOSING CIVIL ACTION**

On March 15, 2016, Petitioner Demarcus Jammal Goss, proceeding pro se, filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 27. Several weeks later, the Government filed a motion to dismiss his motion to vacate. ECF No. 32. On June 2, 2016, Goss filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See* ECF No. 35. That motion was drafted and filed by Federal Defender Joan Morgan. In the second motion for relief under § 2255, Goss argues that pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague), his sentence under the residual clause of the career offender provision of the United States Sentencing Guidelines must be vacated. Several weeks after the second petition was filed, Goss voluntarily withdrew his first motion for relief. ECF No. 39. Goss's second petition was referred to Magistrate Judge Patricia T. Morris. ECF No. 41. On August 24, 2016, the Government filed a motion to dismiss or stay the petition pending the outcome of

*Beckles v. United States,* 136 S.Ct. 2510 (2016). ECF No. 43. Judge Morris then issued a report which recommended that the petition be stayed until after *Beckles* was decided. ECF No. 46.

On March 6, 2017 the Supreme Court reached a decision in *Beckles*, holding that the sentencing guidelines are not subject to void for vagueness challenges under the Fifth Amendment Due Process clause. *See Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). Subsequent to that opinion, Petitioner Goss has given notice that he wishes to voluntarily dismiss his § 2255 petition. *See* ECF No. 49. The petition will therefore be dismissed.[1] The Government's motion to dismiss or stay will be denied and the report and recommendation will be rejected because both are moot. Further, because all of Goss's motions to vacate his sentence have been withdrawn, the Government's motion to dismiss his first motion for relief under § 2255 will be denied as moot.

Accordingly, it is **ORDERED** that Petitioner Goss's motion to vacate sentence under 28 U.S.C. § 2255, ECF No. 35, is **DISMISSED**.

It is further **ORDERED** that the Government's motion to dismiss or stay, ECF No. 43, is **DENIED as moot.**

It is further **ORDERED** that the Government's motion to dismiss Goss's previously dismissed motion to vacate sentence, ECF No. 32, is **DENIED as moot.**

It is further **ORDERED** that the report and recommendation, ECF No. 46, is **REJECTED as moot.**

It is further **ORDERED** that the corresponding civil action, *Goss v. United States,* 16-cv-

---

[1] The effect the filing and voluntary dismissal of the petition may have on Goss's rights and obligations under 28 U.S.C. § 2255(h) will be determined if and when he attempts to file a subsequent petition.

11006 (E.D. Mich. March 15, 2016), is **CLOSED**.

Dated: April 5, 2017  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2017.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager