UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARCUS JAMMAL GOSS,

        Petitioner,

                                Case No. 12-cr-20457

v.                                   Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

# ORDER DENYING MOTION TO VACATE SENTENCE AS UNTIMELY AND DENYING MOTION SUPPLEMENTING HIS MOTION TO VACATE AS MOOT, DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

On February 12, 2013, Petitioner Demarcus Jammal Goss was sentenced to 84 months after pleading guilty to being a felon in possession of a firearm. ECF No. 26. He did not appeal. On July 17, 2017, Goss filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 51. Goss had previously filed two other motions to vacate, *see* ECF Nos. 27, 35, but both were voluntarily withdrawn by Goss prior to a decision on the merits. *See* ECF No. 44, 49. On July 26, 2017, the Court issued an order concluding that Goss's third motion to vacate was not a second or successive motion, but directing him to explain why his motion was timely under § 2255(f). ECF No. 53. Goss was directed to respond by August 14, 2017. On August 18, 2017, Goss filed a motion seeking an extension of time to respond, which was granted. ECF Nos. 54, 55.

On August 28, 2017, Goss filed an "Explanation" of his § 2255 motion to vacate. ECF No. 56. Goss explains that "Petitioner now files his motion in light of the United States decision in Mathis and the Sixth Circuit's decision in Ritchey and other controlling decisions." *Id.* at 1.

As explained in the Court's July 25, 2017, order, a motion seeking relief under § 2255 is untimely if it is not filed within a "1-year period of limitation. 28 U.S.C. § 2255(f). "That limitation period shall run from the latest of"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4).

Thus, Goss appears to be arguing that *Mathis v. United States*, 136 S. Ct. 2243 195 L.Ed. 2d 604 (2016) articulated a new right that was made retroactively applicable to cases on collateral review. In *Mathis*, the Supreme Court gave no indication that it was articulating a new right, much less that any new right was retroactive. To the contrary, the *Mathis* Court appeared to view its decision as a "straightforward" application of precedent. *See Id.* at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). *See also Proctor v. United States*, No. 5:11-CR-00030-TBR, 2017 WL 2802174, at *2 (W.D. Ky. June

28, 2017) ("The Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review.").

In other words, Goss's motion to vacate his sentence is untimely under § 2255(f)(3). Goss does not assert that his motion is timely on any other basis. Thus, Goss's motion to vacate his sentence will be denied as untimely and his "Motion of Explanation" will be denied as moot.

Before Petitioner may appeal the Court's decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should be issued if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that reasonable jurists would not dispute whether Petitioner's motion to vacate was time-barred. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Petitioner Goss's motion to vacate his sentence, ECF No. 51, is **DENIED** as untimely.

It is further **ORDERED** that Petitioner's Goss's motion supplementing his § 2255 motion, ECF No. 56, is **DENIED as moot.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: October 18, 2017
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager